UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MONICA HARMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 1:04-CV-00348 |
| vs. ) | |
| ) | |
| LEGGETT & PLATT, INC., ) | |
| d/b/a NO-SAG, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

### I. INTRODUCTION

Plaintiff Monica Harmon has two motions before the Court (DE # 19, 22): in the first, she requests an extension of time to respond to the pending motion for summary judgment filed by Defendant Leggett & Platt, Inc., d/b/a No-Sag (hereafter "Leggett"); in the second, she seeks an order compelling Leggett to expand upon responses it made to earlier interrogatories.[1]

On August 9, 2005, a hearing was held on the motions. At the hearing, Leggett indicated that although it does not oppose Harmon's requested extension, her motion to compel should be denied for the reasons asserted in its response brief. The Court then took the motion to compel under advisement to consider additional case law cited by Harmon's counsel at the hearing.

Having now considered the arguments of counsel, and the additional case law cited by Harmon, the Court will GRANT the motion for an extension of time to respond to Leggett's motion for summary judgment, but will DENY Harmon's motion to compel.

---

[1] Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting.

## II. BACKGROUND

Harmon's case against Leggett essentially centers on her claim that she was terminated as the Personnel Manager (or, in her words, the Human Resource Manager) at Leggett's Kendallville facility because of her gender, in violation of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* In fact, Harmon says that both she and Blain Hite, the Kendallville plant's Manufacturing Manager, were terminated at the same time by the Kendallville Branch Manager, Bill Schmitt; the way Harmon sees it, Hite was fired because of some conflict with Schmitt, and she got the axe to mask Schmitt's discriminatory motive.[2] (Compl., Ex. A.)

More importantly for our purposes, however, is Harmon's second claim – that Leggett allegedly violated the Equal Pay Act under 29 U.S.C. § 201 *et. seq.*, by paying her "substantially less than a person of the opposite sex, [Hite], despite a job performance of [sic] which requires equal skill, effort and responsibility and which is performed under similar working conditions." (Compl. ¶ 5.) Harmon claims that despite different titles, and some different duties, the performance of her duties and Hite's duties "required equal skill, effort and responsibility." (*Id.* at Ex. A.)

As far as we know, this remains the sum and substance of Harmon's Equal Pay Act claim, and it is useful to keep its scope in mind as we address the basis for her motion to compel. In essence, that motion asks the Court to order Leggett to answer two previously-served interrogatories, thereby divulging the annual compensation and duties of every Human Resource Manager (or equivalent position) in each of its domestic facilities during 2001 through 2004.

---

[2]Schmitt allegedly terminated Hite because of an alleged disability, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.*

Leggett objects to the motion as overly broad given that Harmon has not identified any male employees (other than Hite) who allegedly earn more money than her, contending the motion is nothing more than an ill-disguised fishing expedition.  Moreover, Leggett argues that given the diversity of its numerous facilities, no other employees exercised comparable skill, effort and responsibility to Harmon; in fact, the only comparable Harmon has ever pointed to was Hite, and because it answered the discovery to the extent it pertained to Hite, Leggett opposes any further inquiry.

Harmon acknowledges that Leggett has a large number of facilities; thus, in her view, Leggett employs a significant number of male Human Resource Managers and, accordingly, she would like to know their salaries and duties.  In fact, Harmon observes that an Equal Pay Act claim requires a fact-sensitive analysis and argues Leggett should be required to provide this basic information so that she can respond to its motion for summary judgment.

### III. DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party . . . ."  Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  For purposes of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

This Court has broad discretion when deciding whether to compel discovery. Fed. R.

3

Civ. P. 26(c); *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir.1998) ("[D]istrict courts have broad discretion in matters related to discovery."); *Gile v. United Airlines*, *Inc.*, 95 F.3d 492, 495-96 (7th Cir. 1996) ("The district court exercises significant discretion in ruling on a motion to compel.").  In making its ruling, "a district court should independently determine the proper course of discovery based upon the arguments of the parties." *Gile*, 95 F.3d at 496.  In that regard, a court has the power to limit proposed discovery if the burden and expense it would impose outweighs its likely benefit. *Chavez*, 206 F.R.D. at 619 (citing Fed. R. Civ. P. 26(b)(2)).

Generally, a plaintiff alleging disparate treatment is not entitled to company-wide discovery unless she shows that the requested information is relevant and that she has a particular need for it. *Byers v. Ill. State Police*, No. 99C8105, 2002 WL 1264004, at *6 (N.D. Ill. June 3, 2002) (citing *Carman v. McDonnell Douglas Corp.*, 114 F.3d 790, 792 (8th Cir.1997)). "A disparate treatment claim focuses on the employer's motivation for the adverse employment action at issue.  If the decision was made locally, a court may properly limit discovery to the plaintiff's local work unit." *Id.* (*citing Carman*, 114 F.3d at 792) (concluding that, because the decision was made locally, plaintiff was not entitled to discovery regarding decision makers in other divisions).

Harmon cited both *Carman* and *Byers* at the August 9, 2005 hearing, but since they each recite and apply the general rule, we are not sure how they support her request for nationwide discovery.  Perhaps the key is that Harmon believes she has shown a particular need for the requested information, but the case law does not support that either.

In essence, the particularized need that allows broader discovery occurs when the challenged employment decision comes from someone outside the plaintiff's division, or as here,

4

the plant. *Chavez*, 206 F.R.D. at 620 (collecting cases).  This kind of showing makes broader discovery relevant, because it exposes the motivation of the decision maker(s) to further inquiry. *Id*. at 621.  On the other hand, if the challenged employment decision was made locally, it makes the acts of some uninvolved decision maker elsewhere, irrelevant. *Carman,* 114 F.3d at 792.  Of course, that is at least part of the problem here, because the only person Harmon accuses of an improper motive is Schmitt, the Kendallville Branch Manager, making her request for discovery of every Leggett Human Resource Manager irrelevant as to both her termination and pay.

On top of that, Leggett's responses to Harmon's interrogatories reveal that its other facilities bear little resemblance to the Kendallville plant.  Leggett states that each facility is a self-contained profit center, involving unique products and processes, with its own compensation schedules that are subject to a distinct management chain of command.  In short, Leggett's other facilities are hardly clones of the Kendallville plant, and Harmon does nothing to challenge this assertion.

This makes the case of *Howard v. Lear Corp. Eeds and Interiors*, 234 F.3d 1002, 1005 (7th Cir. 2000), important, at least in the context of discovery relevance.  At this stage, Harmon is faced with a motion for summary judgment after discovery has closed, except for what she seeks by way of her motion to compel.  For her Equal Pay Act claim to survive summary judgment Harmon will have to establish a *prima facie* case of sex-based wage discrimination by showing: "(1) that different wages are paid to employees of the opposite sex; (2) that the employees do equal work which requires equal skill, effort, and responsibility; and (3) that the employees have similar working conditions." *Howard,* 234 F.3d at 1004.  To establish the equal work element, Harmon will have to show that both her job and the male employee's job involved a "common

core of tasks" or that "a significant portion of the two jobs is identical." *Id.* (quoting *Fallon v. State of Ill.*, 882 F.2d 1206, 1209 (7th Cir. 1989)). "If a plaintiff establishes this 'common core,' the question then becomes whether any additional tasks make the jobs 'substantially different.'" *Id.*

Here, Harmon's first interrogatory (*i.e.*, interrogatory No. 16) only asks about the first element of what she must establish for a *prima facie* case. This inquiry about what other Leggett Human Resource Managers were paid is meaningless – irrelevant in a discovery sense – unless it can be linked by Harmon to what else she must establish under the Equal Pay Act.

This brings us to the "common core of tasks" element and the "additional tasks" inquiry that apparently interrogatory No. 17 was designed to ferret out. The problem here is that Leggett answered the interrogatory with the assertion that it has no other employees who share Harmon's core of tasks; this is a perfectly plausible, and perhaps accurate, response, given *Howard* and Harmon's concession that Leggett has numerous and "various" facilities. (*See* Mem. of Law in Supp. of Relief From Dispositive Mot. Deadline at 4.)

Harmon does not even go as far as the plaintiff in *Howard*, who at least pointed to two other male counterparts at two other facilities for comparison; admittedly, this would have been a tricky proposition for Harmon, given the apparent diversity of Leggett's operations and the likelihood that it would merely highlight additional duties that Harmon did not have at her small facility.[3] *Howard,* 234 F.3d at 1005 (human resource managers at larger, unionized production

---

[3] To illustrate, Leggett's No-Sag facility in Kendallville had dwindled from approximately 250 employees at the time Harmon was hired, to only 112 by the time she left. (*See* Dep. of Monica Harmon at 31-32.) Harmon's discovery effort does not attempt to differentiate among Leggett's various facilities concerning employee population, an elementary benchmark. *See, e.g., Cullen v. Ind. Univ. Bd. of Trs.,* 338 F.3d 693, 700 (7th Cir. 2003) (managing a bigger department indicates greater responsibility under the second prong of the *prima facie* case ).

facilities had additional duties that as a matter of law required greater effort and skill than the plaintiff's duties).  Consequently, we believe that the interrogatory was adequately answered, and that in any event, Harmon's request for discovery extending to every Leggett facility in the United States posits an irrelevant and overly broad request.

So, we began the analysis by observing that Harmon started this case by comparing herself solely to Hite; now, almost one year later, and faced with a motion for summary judgment, she is curious about whether the common core of her work was like that of some male Human Resource Manager somewhere in the Leggett system who might have been paid more. To permit this kind of discovery would give blessing to nothing more than a fishing expedition. *Chavez*, 206 F.R.D. at 620. Accordingly, her request is being denied.

## IV. CONCLUSION

Harmon's motion for an extension of time to respond to Leggett's motion for summary judgment is hereby GRANTED, and the deadline to respond is extended to August 22, 2005 (DE # 19).  Harmon's motion to compel (DE # 22) is hereby DENIED.

SO ORDERED.

Date: August 11, 2005.

          S/Roger B. Cosbey
          Roger B. Cosbey
          United States Magistrate Judge